IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSEMARIE O'ROURKE,
   *Plaintiff*

v.

COUNTY OF DELAWARE
d/b/a FAIR ACRES GERIATRIC CENTER,
   *Defendant*

: CIVIL ACTION
:
: No. 19-2550

FILED
FEB 05 2020
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

PRATTER, J.                     FEBRUARY 4, 2020

Rosemarie O'Rourke claims that her employer, Delaware County, discriminated against her because of her age when it denied her two promotions during her employment at Fair Acres Geriatric Center ("Fair Acres") and filled the positions with younger, less qualified individuals. She also claims that she was retaliated against for filing a report of harassment and discrimination, and that the discriminatory conditions at Fair Acres were so intolerable that eventually she was constructively discharged. Delaware County moves to dismiss Ms. O'Rourke's retaliation and constructive discharge claims, as well as to strike her requests for compensatory damages. It does not move to dismiss her age discrimination claims.

For the reasons that follow, the Court denies Delaware County's motion to dismiss Ms. O'Rourke's retaliation and constructive discharge claims. The Court grants the motion to dismiss insofar as it strikes from the complaint only Ms. O'Rourke's requests for compensatory damages under the Age Discrimination in Employment Act of 1967 ("ADEA").

### BACKGROUND

William D'Amico, the Administrator of Fair Acres, hired Ms. O'Rourke as Director of Staff Development and Principal of the Nurse Aide Training School in August of 2014. At the

1

ENT'D FEB 05 2020

time, Ms. O'Rourke was 59 years old and had 37 years of nursing experience. Ms. O'Rourke also had a master's degree in nursing and taught nursing classes at Eastern University and Villanova University.

Ms. O'Rourke alleges that during a meeting in February of 2016, Fair Acres' Manager of Personnel, Delphine Mitchell-Green, "spoke to Ms. O'Rourke in an abusive and condescending way" and accused her of "not understanding poor people" because of her teaching job at Villanova. Compl. ¶ 13 (Doc. No. 1). Ms. O'Rourke believed that Ms. Mitchell-Green, who is a woman of color, was harassing her because she is white.

Ms. O'Rourke filed harassment charges with Delaware County against Ms. Mitchell-Green and hired an attorney. Ms. Mitchell-Green also filed "bogus" harassment charges of her own against Ms. O'Rourke. *Id.* at ¶ 15. Ms. O'Rourke's supervisor, Mr. D'Amico, allegedly complained to Ms. O'Rourke about her hiring an attorney, told her he would also need to hire an attorney, and "held a grudge and retaliated against" her because she had filed harassment charges. *Id.* at ¶ 16. Ms. O'Rourke claims that Delaware County never addressed her charges, and "the mistreatment and harassment continued by other employees." *Id.* at ¶ 17. She asserts that despite these problems, she made significant improvements to Fair Acres and received positive reviews.

In the fall of 2017, Ms. O'Rourke applied for the open position of Assistant Director of Nursing. There was only one other candidate for the job: Kim Hunter, a 41-year-old woman "objectively less qualified for the job of Assistant Director of Nursing." *Id.* at ¶ 20. Ms. O'Rourke claims that Mr. D'Amico chose Ms. Hunter for the job and "publicly humiliated" Ms. O'Rourke by announcing his decision at Fair Acres' Christmas party. *Id.* at ¶ 21.

2

Ms. O'Rourke alleges that she was again passed over for a promotion and salary increase in September of 2018 when Mr. D'Amico did not hire her for the position of Director of Nursing. Ms. O'Rourke had previously communicated to Mr. D'Amico that if the position ever became available, she would want the job. Later, when the Director of Nursing was fired, Mr. D'Amico hired a 29-year-old woman "objectively less qualified." *Id.* Ms. O'Rourke did not formally apply for the position.

"Due to the incessant mistreatment, harassment and discriminatory actions by her superiors," Ms. O'Rourke went on leave pursuant to the Family and Medical Leave Act ("FMLA") from September of 2018 through March of 2019. *Id.* at ¶ 23. During her leave, a psychologist diagnosed her with and treated her for Post-Traumatic Stress Disorder ("PTSD") related to her "employment situation" at Fair Acres. *Id.* After her FMLA leave expired, Fair Acres informed Ms. O'Rourke that if her doctor did not release her to return to work by March 7, 2019, she would be fired. Ms. O'Rourke claims that she could not return to work by that time "[d]ue to the incessant mistreatment, harassment and discriminatory actions by her superiors." *Id.* at ¶ 25. She claims that this amounted to constructive discharge due to "intolerable conditions." *Id.* at ¶ 26.

Ms. O'Rourke sued Delaware County for age discrimination, retaliation, and constructive discharge under the ADEA, Title VII, and the Pennsylvania Human Relations Act ("PHRA"). Delaware County moves to dismiss Ms. O'Rourke's retaliation and constructive discharge claims and strike her requests for compensatory damages. Ms. O'Rourke opposes.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "to 'give the defendant

3

fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

4

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted).

## DISCUSSION

Delaware County argues that Ms. O'Rourke's complaint is made up of vague and conclusory allegations that fail to state claims of retaliation or constructive discharge. Delaware County also asserts that Ms. O'Rourke cannot recover compensatory damages under the ADEA. Ms. O'Rourke opposes, arguing that her complaint alleges in great detail the discrimination, retaliation, and constructive discharge she suffered. She also claims that she is entitled to recover compensatory damages under Title VII and the PHRA.

As explained below, the Court denies Delaware County's motion to dismiss Ms. O'Rourke's retaliation and constructive discharge claims because Ms. O'Rourke has alleged enough non-conclusory facts in support of each under the liberal pleading standards. However, the Court strikes from the complaint Ms. O'Rourke's requests for compensatory damages under the ADEA, but not her requests for compensatory damages under Title VII or the PHRA.

### I. Retaliation

"To establish a *prima facie* case of retaliation under the anti-discrimination statutes, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either

5

after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567–68 (3d Cir. 2002) (citation and internal quotation marks omitted). To satisfy the second prong of this test, "the plaintiff 'must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 195 (3d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). To satisfy the third prong, a plaintiff may establish causation by relying on "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action," "a pattern of antagonism coupled with timing," or "evidence gleaned from the record as a whole." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted).

However, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Const Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Rather, it need only contain "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In her complaint, Ms. O'Rourke claims that Delaware County retaliated against her for engaging in a protected activity—specifically, filing a report of discrimination and harassment against Ms. Mitchell-Green in February of 2016. First, she alleges that Mr. D'Amico complained to her about the fact that she had hired an attorney and that he would have to hire a lawyer, too. Second, she states that Mr. D'Amico held a grudge against her for pursuing the charges and that harassment by other employees continued throughout her tenure at Fair Acres. Ms. O'Rourke also

6

alleges that her harassment charges were never addressed or resolved, and she continued to be mistreated and harassed throughout her employment. Finally, she claims that Mr. D'Amico denied her promotions in 2017 and 2018.

Delaware County argues that the temporal proximity between Ms. O'Rourke's protected activity and Mr. D'Amico's failure to promote her approximately 20 months and then 30 months later is too attenuated to give rise to an inference of discrimination. However, Ms. O'Rourke has alleged more in support of her retaliation claim than Delaware County's failure to promote her. Although those decisions are arguably temporally remote to her protected activity, Ms. O'Rourke also alleges that Mr. D'Amico complained directly to her about having to hire a lawyer as a result of her filing a report of discrimination and harassment and that he continued to hold a grudge against her. These actions as alleged, taken by a supervisor, could dissuade a reasonable worker from making or supporting a charge of discrimination. Ms. O'Rourke has alleged enough to give rise to a reasonable expectation that conventional discovery can reveal more compelling evidence of retaliation. *See Connelly*, 809 F.3d at 793 (3d Cir. 2016) ("Even if one believed it unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits, it must still be said that [the plaintiff]—under a favorable standard of review—has raised a reasonable inference that discovery will reveal evidence of the elements necessary to establish her claims.") (citations and internal quotation marks omitted). For this reason, the Court denies the motion to dismiss Ms. O'Rourke's retaliation claim.

## II. Constructive Discharge

"To state a claim for constructive discharge, a plaintiff must prove that: (1) 'he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign,' and (2) 'that he actually resigned.'" *Diallo v. Commonwealth*

7

*Support Servs.*, No. 18-1517, 2019 WL 95918, at *4 (E.D. Pa. Jan. 3, 2019) (quoting *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016)). "This test is 'objective' and examines 'whether a reasonable jury could conclude that the employer permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." *Id.* (quoting *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 974 (3d Cir. 1998)).

Delaware County argues that Ms. O'Rourke cannot assert that Delaware County ever threatened her with discharge, urged or suggested that she should retire, demoted her, reduced her benefits, altered her job responsibilities, or gave her unfavorable job evaluations. Therefore, there is no reasonable interpretation of the facts that could support an objective conclusion that Ms. O'Rourke was subjected to constructive discharge.

Ms. O'Rourke's allegations say otherwise. In her complaint, Ms. O'Rourke alleges that she was passed over twice for promotions because of her age (claims that Delaware County does not seek to dismiss at this stage). Then, very shortly after she was not selected for the second promotion, she went on FMLA leave "due to the incessant mistreatment, harassment and discriminatory actions by her superiors." Compl. ¶ 23 (Doc. No. 1). She claims that while on leave, a psychologist diagnosed her with and treated her for PTSD "reactive to her employment situation at Fair Acres." *Id.* She also alleges that, when her leave ran out in March of 2019, Fair Acres explicitly told her she would be fired if her doctor did not release her to return to work. Because she could not bring herself to return to what she considered was the discriminatory employment situation at Fair Acres, she retired from her position.

In evaluating the sufficiency of these allegations, the Court notes that the Third Circuit Court of Appeals has expressed that "the question of whether [a plaintiff] has alleged conditions so intolerable that a reasonable person in his position would have felt compelled to resign, i.e.,

whether he, in fact, was constructively discharged," is a "fact-intensive question" that would be "inappropriate for the District Court to decide . . . in the context of a 12(b)(6) motion." *Hill v. Borough of Kutztown*, 455 F.3d 225, 232 n.7 (3d Cir. 2006). The Court is mindful of these appellate admonitions. *See, e.g.*, *Diallo*, 2019 WL 95918, at *4 ("The issue of whether Plaintiff was constructively discharged is a 'fact-intensive question' that is inappropriate for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).") (quoting *Hill*, 455 F.3d at 232 n.7); *Niehoff v. SPS Techs., Inc*, No. 16-3301, 2016 WL 6648618, at *5 (E.D. Pa. Nov. 10, 2016) ("[The defendant] contends that [the plaintiff] has not stated a claim for constructive discharge because he has not alleged sufficient facts to show that his discriminatory working conditions were so intolerable that a reasonable person in that position would resign. This argument is without merit. It is not appropriate for the court to delve into such a 'fact-intensive question' on a motion to dismiss under Rule 12(b)(6).") (quoting *Hill*, 455 F.3d at 232 n.7); *but see Shad v. Delta Air Lines, Inc.*, No. 14-5509, 2015 WL 1808696, at *7 (E.D. Pa. Apr. 20, 2015) ("[The plaintiff] complained she was regularly subjected to insulting and derogatory comments and conduct that constituted discriminatory conditions that a reasonable person would have found intolerable. This allegation, unsupported by any further detail, is nothing more than a bare recitation of the elements of her claim and stops well short of describing an entitlement to relief. Her other allegations (that her supervisor threatened her with discipline on a single occasion and that she trained an employee who thereupon replaced her) do not constitute work conditions so intolerable that a reasonable person subject to them would resign. [She] has failed to plead constructive discharge.").

Here, Ms. O'Rourke has alleged that she was forced to choose between being fired or returning to a discriminatory work environment severe enough to cause her PTSD. Faced with this choice, she retired. Whether the underlying conditions described were in fact intolerable is a

question that is not appropriate for the Court to answer at this stage. The Court is limited to evaluating the sufficiency of Ms. O'Rourke's pleadings, and the Court finds that, under the liberal pleading standards, Ms. O'Rourke has sufficiently stated her claim of constructive discharge.

## III. Compensatory Damages

In her complaint, Ms. O'Rourke requests "an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law." Compl. ¶ 45 (Doc. No. 1). Delaware County argues that compensatory damages for pain and suffering and emotional distress are unavailable under the ADEA and asks the Court to strike these damages from Ms. O'Rourke's complaint. Ms. O'Rourke responds that compensatory damages are permitted under Title VII and the PHRA, entitling her to her requested relief.

Compensatory damages for pain and suffering as well as emotional distress are unavailable under the ADEA. *See C.I.R. v. Schleier*, 515 U.S. 323, 336 (1995) ("Monetary remedies under the ADEA are limited to back wages, which are clearly of an 'economic character,' and liquidated damages, which we have already noted serve no compensatory function."). However, a plaintiff can recover compensatory damages for emotional distress for claims under Title VII and the PHRA. *See* 42 U.S.C. § 1981a(b)(3) (permitting compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Pennsylvania Human Relations Comm'n v. Zamantakis*, 387 A.2d 70, 73 (Pa. 1978) (permitting compensatory damages for "humiliation and mental anguish"). Therefore, although Ms. O'Rourke cannot seek compensatory damages under the ADEA, she can recover compensatory damages under Title VII and the PHRA. For this reason, the Court strikes

10

from the complaint only Ms. O'Rourke's request for compensatory damages under the ADEA. Her claim for compensatory damages under Title VII and the PHRA survives.

## CONCLUSION

Delaware County's motion to dismiss is granted in part and denied in part. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE